STEFAN PIETRASZEWSKI, Plaintiff, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Defendant.

Supreme Court, Erie Special Term, December, 1923.

Motor vehicles — negligence — collision between plaintiff's car and truck while attempting to pass truck parked close to curb — plaintiff's car without front lights required by Highway Law, § 286 — contributory negligence — judgment for plaintiff reversed.

Plaintiff on a dark, rainy and partly foggy evening while driving his large inclosed car on the west side of a street collided with defendant's five-ton truck which without the rear red light required by section 286 of the Highway Law was standing on the same side of the street, headed south and close to the curb. One street light was eighty-five feet in front of plaintiff, one two hundred feet in the rear and his car was not equipped with the front lights required by said section 286 of the Highway Law. His front lights only permitted him to see ten feet ahead of his car, and he was driving at such speed that he could not stop his car within the limit of his vision. *Held*, that a judgment in plaintiff's favor based upon a finding that he was free from contributory negligence will be reversed and a new trial ordered.

APPEAL by defendant from a judgment in favor of the plaintiff, rendered in the City Court of Buffalo.

*Locke, Babcock, Spratt & Hollister*, for appellant.

*Frank Harding*, for respondent.

BROWN, J.    On December 7, 1922, at seven-fifteen P. M., a dark, rainy, partly foggy evening, defendant's five-ton express truck was standing on the west side of Curtiss street, headed south, close to the curb, without the rear red light required by section 286 of the Highway Law.    The plaintiff, driving a large, inclosed Paige car southerly on the west side of Curtiss street, collided with the defendant's truck.    For the damages occasioned the plaintiff by reason of such collision, he has been awarded the judgment appealed from.    The defendant's exception to the denial of the motion at the close of the plaintiff's case and at the close of all the evidence to dismiss the complaint upon the ground that the plaintiff was guilty of contributory negligence, presents the principal question argued.

The testimony of the plaintiff conclusively established for the purposes of this question that he was driving his car at the rate of eight to ten miles per hour; that it was dark and he did not see the truck; that the first intimation that he had that the truck was in the street was when he hit it; that the right front of his radiator hit the left rear of the truck; that the headlights were lighted but they did not shine far, they did not show the truck; plaintiff could see the street ahead of him; his lights showed the street about ten feet ahead of him; he could see straight ahead ten feet; that was as far as his lights would show; his lights did not illuminate the truck at all; he could not stop his car in ten feet; the force of the impact pushed the truck ahead six or seven feet; one street light was eighty-five feet in front of him and one two hundred feet in the rear.

From such testimony it is apparent that plaintiff's motor vehicle was not equipped with the front lights required by section 286 of the Highway Law.    In a street not lighted so as to reveal any vehicle or substantial object on such street ahead of such motor vehicle for a distance of 200 feet, then the front lights of every motor vehicle should be sufficient to reveal any vehicle or substantial object straight ahead for a distance of 200 feet.

Plaintiff's front lights only permitted him to see ten feet ahead of his car.    He could not stop his car in ten feet.    He was driving at such a speed that he could not stop his car within the limit of his vision.    If the weather conditions were such that his front lights would only show the street for ten feet ahead of the plaintiff, he could not assume that he would be warned of danger by seeing lights on other vehicles ahead of him; the same weather conditions

Supreme Court, December, 1923.                    [Vol. 122

affected assumed lights in front of him.   The exercise of reasonable care by the plaintiff required that he should take some means of ascertaining the safety of driving on a city street when he could only see ten feet ahead, knowing that he could not stop his car within such distance.

The judgment being based upon the finding that the plaintiff was free from contributory negligence, cannot stand.   Such finding is against the weight of evidence.

Judgment reversed, new trial ordered in the City Court, with costs to abide the event.

Judgment accordingly.